J. G. KILLOUGH, GUARDIAN, v. E. L. ALFORD, ADM'R, ETC.

1—Legal tender notes are equivalent, dollar for dollar, to gold and silver coin in discharge of a note for a specified number of dollars, " payable in gold coin, or the equivalent thereof in United States legal tender notes."

2—The case of Bronson v. Rodes (7 Wallace, U. S. Reports, 229,) considered ; and in view of the facts of that case and of the principles on which it was decided, it is *held* not to be in conflict with the conclusions of this court in the present case.

APPEAL from Fayette.   Tried below before the Hon. J. B. McFarland.

The facts are clearly stated in the opinion of the court.

No brief for the appellant has reached the hands of the reporter.

*W. R. Jarmon*, for the appellee.

WALKER, J.—The defendant in the appeal, as the guardian of Susan Hunley, on the 20th of April, 1868, filed his petition in the County Court of Fayette county, praying for an order to sell land situated in Wharton county, and which land had been deeded in trust to N. W. Frayson by Samuel J. Potter and his wife, L. A. Potter, whilst living, to secure the payment of a certain promissory note, which reads as follows :

"$750 00.                              "LaGrange, Texas,
                                          "March 8th, 1867.

"Twelve months after date we promise to pay J. G. Kil-
lough, guardian of the estate of Susan G. Hunley, or order,
the sum of seven hundred and fifty dollars, with twelve per
cent. interest from this date, payable in gold coin, or the equiva-
lent thereof in United States legal tender notes.

"(Signed)                              "Samuel J. Potter,
                                        "L. A. Potter."

Potter and wife both being dead, their administrator is made
defendant. The note and deed of trust were presented to the
administrator, regularly probated, and by him accepted for
payment. The County Court afterward ordered the land
described in the trust deed sold "for cash." This order was
appealed from by Potter's administrator, and the cause taken
to the District Court; and at the Fall term of that court for
the year 1868, the decree of the County Court was affirmed,
and from this decree Alford, Potter's administrator, again
appealed.

It is now insisted by the counsel for the appellee, that this is
a delay case; that damages should be given for the delay.

And we should probably so regard the case and order accord-
ingly, but counsel themselves insist that the decree of the court
below should be reformed, and upon the authority of Bronson
v. Rodes, 7 Wallace, 229, we should, upon the terms and tenor
of the original note, order the land sold for gold coin or its
equivalent in United States legal tender notes. This court,
notwithstanding the most respectable and high authority of
the case referred to, is not prepared to overrule its own deci-
sions. (See Shaw v. Trunsler, 30 Tex., 390.) But it is not
necessary for us to combat the authority of Bronson v. Rodes.
We shall rather count upon some of its doctrines to sustain
our own opinion in this case.

The Chief Justice decides the case, and the points decided
are, that "a bond given in December, 1851, for the payment
of a certain sum in gold and silver coin, lawful money of the

United States, with interest also in coin at a rate specified until repayment, cannot be discharged by a tender of United States notes, issued under the loan and currency acts of 1862 and 1863, and by them declared to be lawful money and a legal tender for the payment of debts.

2. "When obligations made payable in coin are sued upon, judgment may be entered for coined dollars and parts of dollars." The decision in this case is arrived at by knowing from the hypothesis that we have two distinct kinds of money authorized by law, to be treated as legal tender; that the laws of Congress making gold and silver coin a legal tender were not repealed by the loan and currency acts of 1862 and 1863; and that we therefore must recognize the very anomalous fact that by law we have both coin and paper legal tender. And now, by the authority of this case, what are these legal tenders? Gold and silver coin and legal tender notes.

The note given by Potter and wife, which becomes the subject matter of litigation here, is, by its own terms, to be paid in gold coin, or "its equivalent in legal tender notes." Now gold is legal tender, and so are these notes. Things which are equal to the same thing are equal to each other. The parties may have meant, we admit, that if gold coin was not paid in satisfaction of this debt, then legal tender notes to an amount equal in commercial value to so many gold dollars and cents should be paid; but any other money might have been made to answer in payment, if this had been the intention of the parties.

We seek to place the true legal construction upon this contract, and we therefore hold that for the payment of this note legal tender notes of the United States are the equivalent to gold coin, dollar for dollar; and the debt may be so discharged by this payment.

But in this case we cannot see how we can do more than affirm the judgment of the court below, and it is accordingly done.

Affirmed.